UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:24-cv-01151-CV (SK) | Date: June 23, 2025 |
| Title | Allyson Morley Johnson v. Bob Bonta | |

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**  (IN CHAMBERS) **ORDER TO SHOW CAUSE**

   Petitioner was convicted of child abduction (and related crimes) in California state court and given a suspended sentence. (LD 4 at 3). Acting pro se and in forma pauperis, Petitioner filed a petition challenging her convictions under 28 U.S.C. § 2254. (ECF 1). Respondent thereafter moved to dismiss the petition because of several pleading deficiencies. (ECF 10). After liberally construing Petitioner's response to this motion as a request to file an amended petition, however, the Court granted Petitioner leave to file an amended petition curing—if possible—its many pleading deficiencies (or otherwise voluntarily dismissing this action) by no later than April 21, 2025. (*See* ECF 18). But the Court never received an amended petition or other response from Petitioner by this deadline. Instead, the Court's order granting leave to amend was returned as evidently undeliverable. (ECF 19).

   Petitioner is therefore ORDERED TO SHOW CAUSE in writing by no later than **July 7, 2025** why this action should not be dismissed for failure to comply with the Court's orders and to keep the Court informed of her current address of record. *See* Fed. R. Civ. P. 41(b); L.R. 41-6. If Petitioner no longer wishes to proceed with this action, she may voluntarily dismiss it without prejudice using the attached Form CV-09y. If, however, Petitioner again fails to respond as ordered here, this action may be involuntarily dismissed—with no further notice or warning—for lack of prosecution and noncompliance with court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1; *see also* L.R. 41-6 ("If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned . . . as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").